UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS LUBINSKY,<br><br>    Plaintiff,<br><br>    v.<br><br>LITI CAPITAL SA, et al.,<br><br>    Defendants. | Case No. 22-cv-01478-DMR<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 8 |

Plaintiff Travis Lubinsky filed a complaint against Liti Capital SA and three individual Defendants on March 8, 2022. He did not seek to file any portion of the complaint under seal. On April 12, 2022, Lubinsky filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) along with an administrative motion to file the entire complaint under seal. [Docket Nos. 7, 8.]

Counsel states that the complaint was "erroneously filed" and that Lubinsky "attempted to have the Complaint rescinded prior to the filing being accepted on March 15, 2022[1]," but that "these efforts were not successful." [Docket No. 8-2 (Mack Decl., Apr. 12, 2022) ¶ 3.] Counsel further contends that there are compelling reasons to seal the complaint in its entirety because "the Complaint was filed in error and on the basis of inaccurate information" and could therefore "become a vehicle for improper purpose." *Id*. at 8; *see Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (a party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access by "articulating compelling reasons supported by specific factual findings" (quotation marks and citations omitted)). Counsel does not identify the "inaccurate information" that resulted in the filing of the complaint.

---

[1] This date appears to be a typo. The complaint was filed on the public docket on March 8, 2022. [Docket No. 1.]

He also argues that "failure to seal this Complaint may . . . harm the public's access to legal justice" because Defendant Liti Capital "is a litigation funder and provides access to legal justice through its business model," and "[p]ublic access to the Complaint may cause irreparable harm to individuals who are not parties in this action, including the individuals who rely on funding for their own legal cases." Mack Decl. ¶ 9. He offers no details or explanation of this point.

Next, counsel argues that the complaint and the exhibits thereto "contain personal and financial information that may cause undue and unnecessary harm to Defendants," such as "names and locations" of Liti Capital SA's members, internal communications, and "non-public financial information" about its business. *Id*. at ¶ 12. He also contends that "[a]ny public record of the Complaint will result in irreparable damage to the company, its shareholders and the underlying asset portfolio." *Id*. at ¶ 11. Counsel again offers no details or explanation as to why Liti Capital SA would be irreparably damaged if the complaint remains on the public docket.

Finally, counsel appears to suggest that the complaint contains information about Liti Capital SA's trade secrets, but his declaration does not specify any such trade secrets. *See id*. at ¶ 16.

Pursuant to Civil Local Rule 79-5(e), "[m]otions to seal entire pleadings or briefs are strongly disfavored and will be granted only in extraordinary circumstances." Lubinsky has not demonstrated the existence of "extraordinary circumstances" here. The reasons he offers to seal the complaint in its entirety are entirely vague and unspecific. Moreover, despite his contention that the complaint contains sensitive, non-public information about Defendants, Lubinsky does not explain why he initially filed the complaint on the public docket without seeking to seal the purportedly sensitive information therein. Accordingly, the administrative motion to seal is denied without prejudice.

**IT IS SO ORDERED.**

Dated: May 26, 2022



Donna M. Ryu
United States Magistrate Judge

2